# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CECIL HAIRRELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV 21-341-RAW-KEW |
| SCOTT CROW, Director of the Oklahoma Department of Corrections, | ) ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus. (Dkt. 12). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his convictions and sentences in LeFlore County District Court Case No. CF-2010-122 for Child Abuse by Injury (Count 1) and Child Abuse by Neglect (Count 2) (Dkt. 1), raising the following grounds for relief:

Proposition One (1)  "Compliance with the Antiterrorism and Effective Death Penalty Act, (A.E.D.P.A.), [1996], and 28 U.S.C. § 2244 & 2254 as to a State Prisoner's time line to file HIS Habeas Petition."

Proposition Two (2)  "The Petitioner's trial counsel was ineffective within the standards of 'Strickland vs. Washington' 466 U.S. (1984)."

Proposition Three (3)  Prosecutor Misconduct

Proposition Four (4)  "The State of Oklahoma violated the Petitioner's Constitutional right, [to jurisdiction], pursuant to Article III, § 21 ¶3 [RES NOVA]

Proposition Five (5)  The State of Oklahoma 'waived' the 'EXHAUSTION REQUIREMENT(s),' by and through counsel, pursuant to 28 U.S.C. § 2254(A)(B.3)

Proposition Six (6)  The State of Oklahoma violated the Petitioner's Constitutional Right to be present at all critical stages of the proceeding(s). [Confrontation Clause - Six Amend.]

(Dkt. 2 at 2-3) (punctuation and emphasis in original).

Respondent has filed a motion to dismiss the petition as time-barred, or in the alternative, for failure to exhaust necessary state remedies and based on the *Younger* abstention doctrine. (Dkt. 12). Respondent asserts that because Petitioner failed to file his petition within the one-year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), the petition is untimely. Petitioner has not filed a response to Respondent's motion to dismiss. The following dates are pertinent to the disposition of this motion:

**October 13, 2010:** Petitioner was convicted in LeFlore County District Court Case No. CF-2010-122 upon his pleas of no contest to the crimes of Child Abuse by Injury (Count 1) and Child Abuse by Neglect (Count 2). He was sentenced to concurrent terms of life imprisonment on each count. (Dkts. 13-1, 13-2, 13-3).

**October 23, 2010:** Petitioner's judgment became final, because he failed to seek to withdraw his plea within ten days of entering it, as required by Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (Dkt. 13-1 at 8). The AEDPA statutory year began to run the next day on October 24, 2010, and it expired on October 24, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

**March 14, 2011:** Petitioner filed in his criminal case a Motion for Judicial and Sentence Modification in Accordance with Okla. Stat. tit. 22, § 982(a). (Dkt. 13-4). The State filed a response on April 12, 2011, stating that pursuant to Okla. Stat. tit. 22, § 982a(A), "[t]he district attorney's office [did] not consent to the modification of [Petitioner's] sentence," which is required for modification after a plea agreement. (Dkt. 13-5 at 1). The

state district court denied Petitioner's motion on April 13, 2011. (Dkt. 13-6).

**July 19, 2011:** Petitioner filed a Motion for One-Year Judicial Review. (Dkt. 13-7). The state district court denied the motion on October 11, 2011, because the State of Oklahoma previously advised that it did not consent to sentence modification, and "the Court may not modify a sentence imposed pursuant to a plea agreement without the consent of the State." (Dkt. 13-8).

**October 24, 2011:** Petitioner's year in which to file a federal habeas petition expired, absent any tolling events.

**January 15, 2014:** Petitioner filed a third Motion for Judicial and Sentence Modification in Accordance with Okla. Stat. tit. 22, § 982(a). (Dkt. 13-9). On January 16, 2014, the state district court denied the motion as untimely. (Dkt. 13-10).

**May 4, 2021:** Petitioner filed a document in the state district court titled "Defendant's, Pro-Se, Writ of Mandamus Pursuant to Oklahoma Title 22, Ch. 11 [*Dismissal of Prosecution*] [McGirt vs. Oklahoma] 591 U.S." (Dkt. 13-11). In the pleading, Petitioner sought post-conviction relief based on a claim that the State of Oklahoma never had jurisdiction to prosecute Indians within the borders of tribal nations in the state or to impose sentences. *Id.* Petitioner claimed that because he is a citizen of the Choctaw Nation, and his crimes occurred within the borders of the Choctaw reservation, his prosecution should be dismissed. (Dkt. 13-11 at 3-5).

On May 6, 2021, the state district court construed Petitioner's pleading as an application for post-conviction relief, and set it for hearing on June 18, 2021. (Dkt. 13-12). The State filed a response to Petitioner's application for post-conviction relief on June 16, 2021. (Dkt. 13-13). On June 18, 2021, the court continued the hearing on Petitioner's application to October 15, 2021, and on October 15, 2021, the court continued the hearing

3

to January 21, 2022. (Dkt. 13-15). According to the Oklahoma State Courts Network at http://www.oscn.net,[1] Petitioner's application was denied on January 21, 2022.

**November 15, 2021:** Petitioner filed this petition for a writ of habeas corpus (Dkt. 1).

The AEDPA affords a state prisoner one year to seek federal habeas corpus review, pursuant to 28 U.S.C. § 2244(d):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As stated above, Petitioner's conviction became final on October 23, 2010, and he had one year until October 24, 2011, to initiate a federal habeas action. Petitioner contends, however, that the clock has not started on his statutory year, because his conviction is not yet final. (Dkt. 2 at 8, 19-20). He specifically claims his conviction is not final until the state

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

issues a "final order" under Rule 5.5 of the *Rules of the Oklahoma Court of Criminal Appeals*. (Dkt. 2 at 8, 20).[2]

Contrary to Petitioner's claim, his conviction became final on October 23, 2010, when he failed to seek to withdraw his pleas within ten days of the entry of the judgment and sentence on October 13, 2010:

> In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court. See Sections 1051 and 1054 of Title 22.

Rule 4.2., *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. Ann. tit. 22, Ch. 18, App. (citing Okla. Stat. tit. 22, §§ 1051, 1054). Absent any tolling events, Petitioner's statutory year expired on October 24, 2011.

**Statutory Tolling**

During his statutory year, Petitioner filed two motions for judicial review pursuant to Okla. Stat. tit. 22, § 982a, on March 14, 2011, and July 19, 2011 (Dkts. 13-4, 13-7). The state district court denied the motions on April 14, 2011, and October 11, 2011, respectively. (Dkts. 13-6, 13-8). Respondent maintains a motion filed under Section 982a is not a motion for "collateral review" for purposes of § 2244(d)(2), and such a motion does not toll the statutory year.

While the issue of whether a motion for judicial review under Okla. Stat. tit. 22, § 982a, is a motion for "collateral review" for purposes of § 2244(d)(2) is unresolved in the Tenth Circuit, *Watie v. Aldridge*, No. CIV 16-117-RAW-KEW, 2017 WL 499967, at *2

---

[2] Rule 5.5 states in relevant part that "[o]nce [the Oklahoma Court of Criminal Appeals] has rendered its decision on a post-conviction appeal, that decision shall constitute a final order and the petitioner's state remedies will be deemed exhausted on all issues raised in the petition in error, brief and any prior appeals." Rule 5.5, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. Ann. tit. 22, Ch. 18, App.

(E.D. Okla. Feb. 7, 2017) (unpublished), it is not necessary to decide that issue in this case. Petitioner's motions were not properly filed, and his petition is untimely, even if this Court tolls the time his motions were pending in state court.

The 2011 version of Section 982a allowed a court to modify a sentence within twelve months of its imposition "if the court [was] satisfied that the best interests of the public will not be jeopardized . . . ." Okla. Stat. tit. 22, § 982a(A) (Supp. 2010). One of those exceptions is that "Section 982a excludes the statutory remedy of judicial review from . . . sentences imposed pursuant to a plea agreement unless consent from the district attorney is obtained." *Renteria v. Bryant*, 774 F. App'x 440, 443-44 (10th Cir. May 22, 2019) (citing Okla. Stat. tit. 22, § 982a(A)(3)). In *Renteria*, the Tenth Circuit found the petitioner's Section 982a motion was not "properly filed" in part because the petitioner "entered a plea of guilty for the underlying offenses in this matter, and there [was] no indication in the record that the district attorney consented to [the petitioner's] filing the petition." *Id*. Like the petitioner in *Renteria*, Petitioner entered pleas to the underlying charges, and his sentences were entered pursuant to a plea agreement. (Dkts. 13-2 at 3; 13-3). Because Petitioner's motions were not "properly filed" pursuant to § 982a, he is not entitled to tolling for the time they were pending. *See Renteria*, 774 F. App'x at 443-44. His petition, filed on November 15, 2021, is over ten years late, because it should have been filed on or before October 24, 2011.

Further, neither Petitioner's pleading styled "Defendant's, Pro-Se, Writ of Mandamus Pursuant to Oklahoma Title 22, Ch. 11 [*Dismissal of Prosecution*] [*McGirt v. Oklahoma*] 591 U.S." (Dkt. 11), nor anything else Petitioner filed in state court after October 24, 2011, did anything to toll Petitioner's statutory year, because the pleadings were filed after expiration of the statute of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding no tolling for the petitioner's "time spent in state post-conviction proceedings

6

because his applications for post-conviction relief were not filed" until after expiration of the statutory year). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Therefore, Petitioner's habeas corpus petition, filed on November 15, 2021, is untimely, and no statutory tolling can be credited to him under Section 2244(d)(2) to save his petition.

**Application of Section 2244(d)(1)(B)**

Section 2244(d)(1)(B) provides an alternative date for the start of the one-year limitation period: "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State actions[.]" Petitioner appears to assert the Supreme Court's *McGirt* decision on July 9, 2020, removed various impediments to filing his habeas petition by defining "Indian Country." (Dkt. 2 at 6, 13-14). He also claims as impediments the state's "contumacy" of *McGirt* and the alleged denial of his trial records by the state and his attorney. (Dkt. 2 at 9, 32-36).

The United States District Court for the Western District of Oklahoma recently addressed whether the *McGirt* decision constituted the removal of an impediment to filing a habeas petition and found it did not. In *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, *3 (W.D. Okla. Sept. 15, 2021) (unpublished), *report and recommendation adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (unpublished), the petitioner claimed he could not have raised an Indian Country prosecutorial authority claim prior to the *McGirt* decision, because the State would have denied it. The petitioner claimed this amounted to an impediment, which was removed by the *McGirt* decision on July 9, 2020. *Id.* The Western District denied the petitioner's claim as follows:

7

> . . . While § 2244(d)(1)(B) allows for the statute of limitations to be calculated from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," the provision does not apply here. Instead, it "typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020), *cert. denied*, __U.S.__, 141 S. Ct. 1106 (2021). Further, a "state-created impediment must have actually prevented the inmate from filing his application." *Id*.
>
> Petitioner does not allege the State actively thwarted his ability to file a habeas action in this matter. Instead, Petitioner's sole argument is that any effort to obtain habeas relief would have been futile because Oklahoma had not recognized the continued existence of Indian reservations for the purposes of criminal jurisdiction over Indians who committed crimes on them. But, expected legal futility does not trigger a new start date under § 2244(d)(1)(B). *See Heuston v. Bryant*, 735 F. App'x 964, 967 (10th Cir. 2018) (concluding reasonable jurists could not debate the correctness of the district court's ruling that "futility is not a valid justification for filing an untimely § 2254 petition" under § 2244(d)(1)(B)); *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (noting the difference between "impediment" and "futile" and concluding § 2244(d)(1)(B) did not apply because although "an effort by [the petitioner] to obtain habeas relief prior to [a change in law] may have been incapable of producing a successful result, the effort was still possible"). And, Oklahoma's pre-*McGirt* interpretation of what "Indian Country" means did not necessarily prevent Petitioner from obtaining habeas relief. *See Murphy v. Royal*, 875 F.3d 896, 907-10 (10th Cir. 2017) (where petitioner raised his Indian-Country related jurisdictional claim prior to *McGirt* in a 2004 application for post-conviction relief in state court and 2005 federal habeas petition), *aff'd sub nom. Sharp v. Murphy*, __U.S.__, 140 S. Ct. 2412 (2020). Thus, the undersigned finds § 2244(d)(1)(B) is not applicable to extend the start date of AEDPA's statute of limitations to the date that *McGirt* was decided.

*Donahue.*, No. CIV-21-183-PRW, 2021 WL 4714662, at *3-*4.

Here, as in *Donahue*, the Court finds Petitioner's "expected futility" in raising any Indian Country claim prior to *McGirt* did not thwart his ability to file a habeas corpus petition. Further, the *McGirt* decision did not provide a new start date under Section 2244(d)(1)(B). In addition, the state's alleged "contumacy" of the *McGirt* ruling, and the alleged denial of Petitioner's trial records by his attorney and the state were not impediments within the meaning of Section 2244(d)(1)(B). Further, Petitioner does not allege when those alleged impediments were removed or why he could not have filed his petition earlier. *See*

8

*Aragon*, 819 F. App'x at 613 ("We have further held the state-created impediment must have actually prevented the inmate from filing his application."). Petitioner is not entitled to a new starting date under 28 U.S.C. § 2244(d)(1)(B).

**Application of Section 2244(d)(1)(C)**

Section 2244(d)(1)(C) provides an alternative date for the start of the one-year limitations period: "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2244(d)(1)(C). Although Petitioner repeatedly stresses that he is not filing his petition pursuant to *McGirt*, claiming that *McGirt* only removed what he claims were unconstitutional impediments (Dkt. 2 at 6, 60), any attempt to use this provision to claim a new starting date for his statutory year must fail.

Petitioner cannot claim the benefit of 28 U.S.C. § 2244(d)(1)(C) to use July 9, 2020--the date *McGirt* was decided--as the starting date for his one-year limitation period because, under federal law, *McGirt* does not provide a new triggering date under that provision.[3] *See* 28 U.S.C. § 2244(d)(1)(C); *In re Davis*, No. 21-7030 (10th Cir. July 6, 2021) (unpublished) (denying authorization to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(2)(A) because *McGirt* is not a retroactive new rule of constitutional law); *In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (unpublished) (finding the petitioner could not meet the standard for authorization to file a second or successive habeas petition because *McGirt* did not announce a new rule of constitutional law, and because the Supreme Court

---

[3] Petitioner asserts he is "not filing pursuant to" *McGirt*, instead, he is filing pursuant to *Dodd v. United States*, 545 U.S. 353 (2005) (Dkt. 2 at 6). In *Dodd*, the Supreme Court held that the statutory year ran from the date on which the right asserted was initially recognized by the Supreme Court, not the date on which the right asserted was made retroactively applicable. *Dodd* provides no relief for Petitioner, because *McGirt* did not recognize a new constitutional right, and *McGirt* has not been made retroactive.

did not make *McGirt* retroactive); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, *5 (E.D. Okla. Aug. 2, 2021) (unpublished) (the *McGirt* decision did not provide the petitioner with a new starting date of his statutory year under 28 U.S.C. § 2244(d)(1)(C) "because that case did not break any new ground or recognize any new rights"); *Littlejohn v. Crow*, No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, *5 (N.D. Okla. July 20, 2021) (unpublished) (finding that 28 U.S.C. § 2244(d)(1)(C) was inapplicable "because the Supreme Court did not newly recognize any constitutional rights in *McGirt*"); *Sampson v. Dowling*, No. 20-CV-0361-JED-CDL, 2021 WL 1318662, at *3 n.7 (N.D. Okla. Apr. 8, 2021) (unpublished) (finding the petitioner's prosecutorial authority challenge was time-barred under the AEDPA and refusing the petitioner's assertion that his claim could be raised "at any time" notwithstanding the time constraints of Section 2244(d)(1)).

**Application of 28 U.S.C. § 2244(d)(1)(D)**

Section 2244(d)(1)(D) provides another alternative date for the start of the one-year limitations period: "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). To the extent Petitioner might claim his petition is timely under this provision, his claim must fail.

Petitioner alleges in his petition that the State of Oklahoma lacked authority to prosecute him, because "[t]he alleged incident occured [sic] within Indian Country as defined by the U.S. Supreme Court in *McGirt*." (Dkt. 2 at 59). In his post-conviction application in the state district court, Petitioner specifically claimed that his crime occurred within the borders of the Choctaw reservation, and he attached a tribal membership card from the Choctaw Nation with a Certificate of Degree of Indian Blood, both bearing his name. (Dkt. 13-11 at 9). Therefore, the factual bases of Petitioner's claim apparently are that he is a member of the Choctaw Nation, and his crimes occurred within the boundaries of the

Choctaw reservation. Petitioner, however, would have either known these facts or could have discovered them with due diligence when he entered his pleas of no contest in 2010. Even if *McGirt* alerted Petition to the legal significance of his status as a tribal member and the location of his crime, it did not trigger a new starting date for his statutory year under Section 2244(d)(1)(D). *See Baker v. Crow*, No. CIV-22-192-SLP, 2022 WL 3337774, at *4 (N.D. Okla. June 2, 2022) (unpublished): "Here, the alleged factual bases of Petitioner's claim are that he is "a Native American and Tribal member" and that he committed his crimes in what he claims is "Indian Territory." . . . Petitioner would have either known these facts or could have discovered them through the exercise of due diligence at the time of his convictions."

After careful review, the Court finds Section 2244(d)(1)(D) is inapplicable. Petitioner's petition is untimely.

**Equitable Tolling**

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). After careful review, the Court finds Petitioner has failed to meet this burden. Further, he makes no claim that he is innocent of the crimes to which he entered pleas of no contest in this case. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.).

After careful review, the Court finds that Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 12) should

11

be GRANTED. Because the petition is being dismissed as untimely, the Court does not reach Respondent's arguments concerning Petitioner's alleged failure to exhaust his state remedies or the claim based on the *Younger* abstention doctrine.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 12) is GRANTED, and Petitioner is DENIED a certificate of appealability. Petitioner's motion for the transmittal of state records (Dkt. 3) is DENIED as moot.

**IT IS SO ORDERED** this 6th day of September 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma